IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

| | | |
|---|---|---|
| SELECTIVE INSURANCE COMPANY OF THE SOUTHEAST, | : : | |
|    40 Wantage Avenue, | : | |
|    Branchville, NJ 07890 | : : | |
|        Plaintiff, | : : | Civil Action No. 3:26-cv-00016 |
| v. | : : | |
| FULL SPECTRUM, INC. | : | |
|    909 5th St W. | : | |
|    Huntington, WV 25701 | : : | |
| and | : : | |
| DENISE O'CONNOR, | : | |
|    531 11th Ave. W. | : | |
|    Huntington, WV 25704, | : : | |
| and | : : | |
| ARDATH WALLACE, | : | |
|    7804 Monroe Blvd. | : | |
|    Taylor MI 48180, | : : | |
|        Defendants. | : | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Selective Insurance Company of the Southeast ("Selective"), by counsel, Gordon Rees Scully Mansukhani, LLP, brings this action for declaratory judgment against Defendants Full Spectrum, Inc. and Denise O'Connor, and alleges as follows:

**THE PARTIES**

1.  Plaintiff Selective Insurance Company of the Southeast is an insurance company incorporated in Indiana with its principal place of business in New Jersey.

2. Defendant Full Spectrum Inc. is a corporate entity which is incorporated in West Virginia and has its principal place of business in West Virginia, with an address at 909 5th St W. Huntington, WV 25701.

3. Denise O'Connor is an adult individual who, upon information and belief, resides in West Virginia with an address at 531 11th Ave. W. Huntington, WV 25704.

4. Ardath Wallace is an adult individual who, upon information and belief, resides in Michigan with an address at 7804 Monroe Blvd., Taylor, MI 48180.

## NATURE OF ACTION

4. This is an action for declaratory judgment brought pursuant to 28 U.S.C.A. § 2201 and Rule 57 of the Federal Rules of Civil Procedure in which the Plaintiff seeks a declaration of the rights and legal relations surrounding the questions of actual controversy that presently exist between the parties.

5. A controversy presently exists among the parties concerning a policy of insurance as it relates to the following underlying matter: (1) *Ardath Wallace v. Denise O'Connor*, case no. CC-06-2025-C-39, which is pending in the Circuit Court of Cabell County ("Underlying Matter"). A true and correct copy of the Complaint in the Underlying Matter is attached hereto as Exhibit A.

6. The Underlying Matter arises out of an automobile accident that occurred on May 14, 2025 in Cabell County, West Virginia, and involved Ardath Wallace and Denise O'Connor.

7. In the Underlying Matter, Ardath Wallace alleges personal injuries and seeks damages against Denise O'Connor as a result of the accident.

8.     Selective now seeks a declaration by this Court determining its rights and duties under a Commercial Policy, policy no. S 224712603 ("Policy"), that Selective issued to Full Spectrum, Inc., including whether there is coverage under the Policy for the Underlying Matter.

## JURISDICTION & VENUE

9.     This is an action for declaratory relief pursuant to 28 U.S.C.A. §§ 2201, *et seq.*, brought for the purpose of determining an issue of actual, substantive, and justiciable controversy between the parties concerning their respective rights, duties, and obligations with respect to the Policy.

10.    Pursuant to 28 U.S.C.A. § 1332, there is diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), as the Underlying Plaintiffs in the Underlying Matter seek damages in the excess of seventy-five thousand dollars ($75,000).

11.    This Court has jurisdiction over this matter pursuant to the diversity jurisdiction authorized by 28 U.S.C.A. § 1332, and the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, *et seq*.

13.    Venue is proper in this district as the Underlying Matter is pending in Cabell County, West Virginia, Full Spectrum, Inc. is a West Virginia corporation with its principal place of business Cabell County, West Virginia, and Denise O'Connor resides in Cabell County, West Virginia.

## FACTUAL BACKGROUND

**A.     The Commercial Policy**

16. Selective issued a Commercial Policy, policy no. S2698837, policy period October 25, 2024 to October 25, 2025, to Full Spectrum, Inc. ("Policy"). A true and correct copy of the Policy is attached hereto as Exhibit B.

15. The sole coverage part at issue is the Policy's Business Auto Coverage.

16. The Business Auto Coverage Form (CA 00 01 11 20) states, in part:

> SECTION I — COVERED AUTOS
> Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos". The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos".

17. Section A. Description Of Covered Auto Designation Symbols defines Symbol 7, Specifically Described "Autos", as "Only those 'autos' described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any 'trailers' you don't own while attached to any power unit described in Item Three)."

18. Section A. Description Of Covered Auto Designation Symbols defines Symbol 8, Hired "Autos" Only, as "Only those 'autos' you lease, hire, rent or borrow.  This does not include any 'auto' you lease hire, rent, or borrow from any of your 'employees', partners (if you are a partnership), members (if you are a limited liability company) or members of their households."

19. Section A. Description Of Covered Auto Designation Symbols defines Symbol 9, Non-owned "Autos" only, as "Only those 'autos' you do not own, lease, hire, rent or borrow that are used in connection with your business.  This includes 'autos' owned by your 'employees', partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs."

20. The Business Auto Coverage Form, as modified in part by the West Virginia Changes Endorsement (Form CA 01 83 01 16) states, in part:

> SECTION II — COVERED AUTOS LIABILITY COVERAGE
>
> A. Coverage
> We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".
>
> * * * *
>
> 1. Who Is An Insured
> The following are "insured":
>     a. You for any covered "auto".
>     b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
>         (1) The owner or anyone else from whom you hire or borrow a covered "auto".
>         This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.
>         (2) Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.
>         (3) Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.
>         (4) Anyone other than your "employees", partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees", while moving property to or from a covered "auto".
>         (5) A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.
>     c. Anyone liable for the conduct of an "insured" described above but only to the extent of that liability.

21. Section IV – Business Auto Conditions of the Business Auto Coverage Form states, in part:

The following conditions apply in addition to the Common Policy Conditions:

* * * *

B.     General Conditions

* * * *

5.     Other Insurance
    a.     For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Covered Autos Liability Coverage this Coverage Form provides for the "trailer" is:
       (1)    Excess while it is connected to a motor vehicle you do not own; or
       (2)    Primary while it is connected to a covered "auto" you own.

22.    The ElitePac Commercial Automobile Extension endorsement (CA 78 09 04 24) modifies the Business Auto Coverage Form and states, in part:

AMENDMENT TO SECTION I - COVERED AUTOS COVERAGES AND SECTION II - COVERED AUTOS LIABILITY COVERAGE

If this policy provides Auto Liability coverage for Owned Autos, the following extension is applicable:

EMPLOYEE OWNED AUTOS - BUSINESS USE

Solely for purposes of the coverage extended by this endorsement:
A.    The following is added to SECTION I, A. Description of Covered Auto Designation Symbols:
Coverage symbols 1, 2, 3, 4, 5, 6 and 7 are amended to include the following:

Any "auto" owned by an "employee" specifically described on the Declarations page or on file with us when issued on a non-specified "auto" basis is considered an "auto" you own and not a covered "auto" you hire, borrow or lease; and

B.    The following is added to SECTION II, A.1. Who Is An Insured:

>> An "employee" who is the owner of a specifically described "auto" on the Declarations page or on file with us when issued on a non-specified "auto" basis is an "insured".
>
> If the "employee" owned "auto" is used:
> 1. Without your permission;
> 2. Outside the scope of any policies and procedures your business has for acceptable vehicle usage;
> 3. For any purpose other than the conduct of your business; or
> 4. By anyone other than the "employee" who owns the "auto", except another "employee", the limits of liability available to the "employee" or anyone other than a named "insured" under all coverages shall be limited to the higher of:
>    1. $250,000; or
>    2. The compulsory or financial responsibility law limits where the "auto" is licensed and principally garaged.
>
> C. If this policy provides Auto Liability coverage for Non-Owned Autos, the following extension is applicable accordingly:
>
> EMPLOYEES AS INSUREDS
>
> If this policy provides Auto Liability coverage for Non-Owned Autos, the following is added to SECTION II, A.1. - Who Is An Insured:
>
> Any "employee" of yours is an "insured" while using a covered "auto" you don't own, hire or borrow in your business or your personal affairs.
>
> An "employee" of yours is an "insured" while operating an "auto" hired or rented under a contract or conduct of your business.

**B.     The Underlying Accident**

23.     On May 14, 2025, Denise O'Connor was operating a motor vehicle when she allegedly struck Wallace Ardath, a pedestrian.

24.     The police report indicates that the vehicle operated by Denise O'Connor at the time of the accident was a red 2016 Nissan Sentra bearing VIN 1N6BF0KY3GN805415.

25.     The VIN number on the police report did not correspond to a 2016 Nissan Sentra, but rather to a Nissan NV 1500 van.

26. An amended police report was later issued, indicating that the vehicle operated by Denise O'Connor at the time of the accident was a red 2016 Nissan Sentra bearing VIN 1N4AL3APXGC208653.

27. The VIN number on the amended police report did not correspond to a 2016 Nissan Sentra, but rather to a Nissan Altima.

28. A Nissan Altima bearing VIN 1N4AL3APXGC208653 is listed on the Policy.

29. There is conflicting evidence about the VIN number and identification of the vehicle which was involved in the Accident.

30. However, each police report indicates that Denise O'Connor was operating a 2016 Nissan Sentra at the time of the accident.

31. A 2016 Nissan Sentra was not listed on the Policy.

32. Upon information and belief, the vehicle that Denise O'Connor was operating at the time of the accident was owned by Denise O'Connor's daughter, Kayla O'Connor.

33. Upon information, Kayla O'Connor loaned the vehicle to Denise O'Connor for the day and for Denise O'Connor's personal use.

34. Upon information and belief, Denise O'Connor is not an employee of Full Spectrum and was not using the vehicle for the business purposes of Full Spectrum.

C. **The Underlying Matter**

35. On August 1, 2025, Ardath Wallace filed the Complaint against Denise O'Connor in the Underlying Matter.

36. The Complaint alleges that Denise O'Connor negligently struck Ardath Wallace with a motor vehicle.

37. The Complaint alleges that Ardath Wallace was injured as a result of the accident.

38. The Complaint does not specify what vehicle Denise O'Connor was driving at the time of the accident.

## COUNT I – DECLARATORY JUDGMENT
### (There Is No Business Auto Coverage for Denise O'Connor)

39. Selective repeats and re-alleges paragraphs 1 through 39 above, as if fully set forth herein.

40. There exists an actual controversy between Selective, Denise O'Connor and Full Spectrum, Inc., as to whether Selective has an obligation to defend and/or indemnify Denise O'Connor and/or provide any insurance coverage benefits in connection with the Underlying Matter under the Policy that Selective issued to Full Spectrum, Inc.

41. Pursuant to 28 U.S.C.A § 2201, this Court may declare the rights and other legal relations of any interested parties seeking a declaration. Any such declaration shall have the force and effect of a final judgment.

42. Section II.A.1.b. of the Business Auto Coverage Form states that an "insured" is "[a]nyone else while using with your permission a covered 'auto' you own, hire or borrow except…the owner or anyone else from whom you hire or borrow a covered 'auto'… [or] … [y]our 'employee' if the covered 'auto' is owned by that 'employee' or a member of his or her household."

43. Upon information and belief, the vehicle operated by Denise O'Connor at the time of the accident was not owned, hired or borrowed by Full Spectrum, Inc.

44. Upon information and belief, the vehicle operated by Denise O'Connor was owned by Kayla O'Connor and loaned to Denise O'Connor for the day and for Denise O'Connor's personal use.

45. Therefore, Denise O'Connor may not qualify as an "insured" under the terms of the Policy.

## COUNT II – DECLARATORY JUDGMENT
### (In the Alternative)

46. Selective repeats and re-alleges paragraphs 1 through 45 above, as if fully set forth herein.

47. While Selective believes and therefore avers that the vehicle operated by Denise O'Conner is not a covered auto, in the alternative that coverage is afforded under the terms of the ElitePac Commercial Automobile Extension endorsement, then the liability coverage should be limited to $250,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Selective Insurance Company of the Southeast, respectfully requests that this Court enter a judgment against the Defendants and declare its rights and obligations under the Policy as follows:

1. No Business Auto coverage is afforded to Denise O'Connor under the Policy for the Underlying Matter;

2. Selective Insurance Company of the Southeast has no duty to defend Denise O'Connor for the claims asserted against her in the Underlying Matter under the Policy;

3. Selective Insurance Company of the Southeast has no obligation to indemnify Denise O'Connor for any loss and/or damage in connection with the Underlying Matter under the Policy;

4. Selective Insurance Company of the Southeast further requests that this Court bind each and every named party by its judgment

Dated: January 9, 2026               Respectfully submitted,


                                     /s/ Daniel J. Twilla
                                     Daniel J. Twilla (Bar No. 11551)
                                     GORDON REES SCULLY MANSUKHANI, LLP
                                     707 Grant Street, Suite 3100
                                     Pittsburgh PA 15219
                                     (412) 400-5334
                                     dtwilla@grsm.com
                                     *Counsel for Plaintiff Selective*
                                     *Insurance Company of the Southeast*